IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN DEWAYNE FRANKLIN, #1639013, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:12-CV-1221-L-BK |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was automatically referred to the United States Magistrate Judge. Petitioner, a Texas state inmate, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his capital murder conviction. Although he paid the $5 filing fee, the Court did not issue process pending preliminary screening. For the reasons that follow, it is recommended that the petition for writ of habeas corpus be dismissed without prejudice for failure to exhaust state court remedies.

**I.  BACKGROUND**

In 2008, a Tarrant County jury convicted Petitioner of capital murder and he was sentenced to life without parole. *State v. Franklin*, No. 1100312D (297th District Court, Tarrant County, Apr. 22, 2008). The state court of appeals affirmed his conviction in April 2011, and the Texas Court of Criminal Appeals refused his petition for discretionary review in November 2011. *Franklin v. State*, No. 02-10-00172-CR (Tex. App., Fort Worth, 2011, pdr. ref.). On April 16, 2012, Petitioner filed a state habeas application, which he concedes is still pending in the convicting court. (Doc. 3 at 4.)

In his federal petition, filed on April 20, 2012, Petitioner challenges his confession, the sufficiency of the evidence, the ineffective assistance of counsel, and the failure to subpoena or interview a witness. *Id.* at 6-7.[1]

## II. ANALYSIS

A state prisoner must exhaust all available state court remedies before a federal court will consider the merits of his habeas claims. *See* 28 U.S.C. § 2254(b) and (c); *Rhines v. Weber*, 544 U.S. 269, 274 (2005). The exhaustion requirement is designed to "protect the state court's role in the enforcement of federal law and prevent the disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982). Exhaustion of state court remedies "is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004) (quoting *Mercadel v. Cain,* 179 F.3d 271, 275 (5th Cir. 1999)). A Texas prisoner may satisfy that requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or in an application for a state writ of habeas corpus pursuant to Article 11.07 of the Texas Code of Criminal Procedure. *See Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998).

Petitioner has not satisfied the exhaustion requirement. While Petitioner appealed his conviction and the Court of Criminal Appeals refused his petition for discretionary review, he concedes his state habeas application remains pending in the state convicting court. Thus, the

---

[1] Although venue for this habeas corpus action is more appropriate in the Fort Worth Division of the Northern District of Texas where Petitioner was convicted, *see* 28 U.S.C. § 2241(d), it more efficient to dismiss for failure to exhaust remedies than to transfer the case to the Fort Worth Division.

Court of Criminal Appeals has not had an opportunity to consider the claims that Petitioner raises in his federal petition, and they remain unexhausted.

### III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be **DISMISSED** without prejudice for failure to exhaust state court remedies.  *See* 28 U.S.C. § 2254(b) and (c).[2]

SIGNED April 24, 2012.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### NOTICE OF RIGHT TO APPEAL/OBJECT

Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[2] Petitioner is cautioned that there is a one-year statute of limitations for filing habeas corpus petitions in federal court, which is applicable to this petition as well as to any other petition that he may file in this court.  *See* 28 U.S.C. § 2244(d).